Henderson, in support of the motion, urged among other reasons, that such a practice, if tolerated, would have a most fatal effect upon the administration of justice, whose very sources it had a tendency to corrupt; that it was in truth, to constitute the master solicitor and Judge in the very same cause, thereby holding out a temptation to iniquitous judgment, irresistible to many men, and certainly dangerous to all. Independent of the evil consequences that would result to the public, from thus giving to the master the means of multiplying the business of his office, it would be absurd in the highest degree that the person who filed a bill should report upon any matter arising out of it; that the counsel who filed exceptions to an answer should determine upon its sufficiency, and so on, through the many deviations from the first principles of justice, which every step must produce.
He asked what confidence suitors could have in the decisions of a tribunal, where the advocates of one party, clothed with the power by his official station, was no less concerned in interest, to spread an unfavorable coloring over the adversary's case. That it was the policy of *Page 101 
the law, in cases of such moment to the citizens, to regard the principle as inflexible, whatever might be the personal character of the individual; and that, as this was the first attempt of the kind he (104) knew of, he trusted the Court would check it, so that, having no precedent, it might not furnish an example.
I am clearly of opinion that the practice of a master, acting as a solicitor in the same court, is improper, in whatever light it is viewed. If the proposed remedy be adopted, namely, that the master shall not act in his own cases, then he may be disqualified as to every case in court; consequently the office would not exist to any one purpose of public utility. I think, therefore, the bill ought to be dismissed.
TAYLOR, J. I am clearly of opinion that the practice of a master, acting as a solicitor in the same court, is improper, in whatever light it is viewed. If the proposed remedy be adopted, namely, that the master shall not act in his own cases, then he may be disqualified as to every case in court; consequently the office would not exist to any one purpose of public utility. I think, therefor, the bill ought to be dismissed.
TAYLOR, J. I entertain no doubt on the general question, but incline to the opinion that it would be the more regular way to take it up upon demurrer, so that the reasons of the order may appear upon the record.
The bill was afterwards withdrawn.